UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL JAMIESON,

       Plaintiff,

  v.                                                                                                 23-CV-565-LJV
                                                                                                                          ORDER

CITY OF BUFFALO, INC., *et al.*,

       Defendants.
_____

       The *pro se* plaintiff, Carl Jamieson, has filed a complaint asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). Docket Item 1. He has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit. Docket Item 2. He also has filed a motion to "show all [b]onds." Docket Item 3.

       Because Jamieson meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, the Court grants his motion to proceed *in forma pauperis*. Therefore, under 28 U.S.C. § 1915(e)(2), the Court screens the complaint. For the reasons that follow, Jamieson's claims will be dismissed under section 1915(e)(2) unless he files an amended complaint correcting the deficiencies addressed below. His motion to "show all [b]onds" is denied.

**DISCUSSION**

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

I.  **SCREENING THE COMPLAINT**

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro*

2

se complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim. *See id.* (concluding that district court properly dismissed *pro se* complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*). And even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Jamieson has sued the City of Buffalo, Erie County, and New York State for discriminating against him based on his race, religion, and national origin; failing to provide him reasonable accommodations; and retaliating against him. Docket Item 1 at 4. But his complaint is difficult to understand and does not include any well pleaded facts. *See, e.g.*, *id.* at 4 ("Deni[e]d status card, fail[e]d to pay for Renters[,] sign[e]d Doc to only pay 1,300 on a 17,000$ [sic]"); *id.* at 5 ("Banking, Taxation, No bonds have Been provide[d] to Cayuga Land owner stipe Issues[,] Blocking email [and] Phone Number[,] . . . Property at 995 Tonawanda St. Housing Real Property [sic]"). As best the Court can tell, Jamieson is a Native American and a member of the Cayuga Nation, *see id.* at

3

6, and he takes issue with the way the government has treated that Nation's lands, see Docket Items 2 and 3.

## II.     EMPLOYMENT DISCRIMINATION CLAIMS

Jamieson invokes three laws—Title VII, the ADEA, and the ADA—that prohibit employers from discriminating and retaliating against their employees. But his complaint fails to state a claim under any of those statutes because it does not allege facts suggesting either (1) that Jamieson is or was employed by the defendants or (2) that the defendants took some action to discriminate or retaliate against Jamieson. See Docket Item 1. In fact, the Court cannot discern any potential basis for relief based on Jamieson's cryptic allegations.

Jamieson's claims therefore are subject to dismissal for failure to state a claim. Nevertheless, in light of his *pro se* status, see *Cuoco*, 222 F.3d at 112, Jamieson may amend his complaint to allege facts suggesting that he is entitled to relief. In any amended complaint, Jamieson should say—as simply and as clearly as possible—what the defendants did to injure him and why that entitles him to relief under the law.

## III.    MOTION TO SHOW BONDS

Jamieson has moved to "show all [b]onds." Docket Item 3. Much of that motion is incomprehensible, but Jamieson clearly requests permission to electronically file documents in this case. *Id.* at 2 ("This motion is to e-file all [d]ocuments.").

The Federal Rules of Civil Procedure provide that a *pro se* party "may file [documents] electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). The Western District of New York Local Rules of Civil Procedure incorporate by reference the District's CM/ECF Administrative Procedures Guide, which,

in turn, sets the requirements and provides the procedures for electronic filing.  *See* Loc. R. Civ. P. 5.1.  The Administrative Procedures Guide provides that "[t]ypically only registered attorneys, as Officers of the Court, will be permitted to file documents electronically."  W.D.N.Y. Administrative Procedures Guide for Electronic Filing, amended October 2022.  The Administrative Procedures Guide further allows the Court, "*at [its] discretion*, [to] grant a pro se litigant who demonstrates a willingness and capability to file documents electronically[] permission to . . . do so."  *Id.* (emphasis in original).

The Court declines to exercise its discretion to grant Jamieson electronic filing privileges at this time.  Jamieson does not say that he has reviewed the requirements for electronic filing.  Moreover, this case was only recently commenced, and Jamieson has not demonstrated any capability to file documents electronically.  Therefore, at this early stage, the Court denies Jamieson's request without prejudice.  *See Miller v. Sacramento City Unified Sch. Dist.*, 2021 WL 3883916, at *2 (E.D. Cal. Aug. 31, 2021) (denying request for electronic filing privileges at motion to dismiss stage), *report and recommendation adopted*, 2021 WL 4804135 (E.D. Cal. Oct. 14, 2021).

## **CONCLUSION**

Because Jamieson meets the statutory requirements of 28 U.S.C. § 1915(a), the Court grants his request to proceed *in forma pauperis*.  But his complaint will be dismissed under 28 U.S.C. § 1915(e)(2) unless he files an amended complaint **within 45 days of the date of this order** that corrects the deficiencies noted above and otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Jamieson is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

### **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Jamieson's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; and it is further

ORDERED that Jamieson's motion to show bonds and request for electronic filing privileges, Docket Item 3, is DENIED without prejudice; and it is further

ORDERED that Jamieson may amend his complaint **within 45 days of the date of this order;** and it is further

ORDERED that the Clerk of the Court shall send to Jamieson with this order a copy of the original complaint, a blank section 1983 complaint form and a blank employment discrimination form, and the instructions for preparing an amended complaint; [1] and it is further

---

[1] The plaintiff is advised that he may be eligible for help in amending his complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program is currently operating remotely and can be reached by calling

ORDERED that if Jamieson does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, the complaint will be dismissed without further order and the Clerk of the Court shall close the case; and it is further

ORDERED that if the complaint is dismissed because Jamieson does not file an amended complaint correcting the deficiencies noted above within **45 days of the date of this order**, this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Jamieson shall notify the Court in writing if his address changes. The Court may dismiss the action if Jamieson fails to do so.

SO ORDERED.

Dated:     April 25, 2024
           Buffalo, New York

                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

---

716-847-0662, ext. 340, and leaving a message.  Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.